IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERTO BAEZ, : | |
| : | |
| Petitioner : | |
| : | |
| VS. : | |
| : | CIVIL ACTION: 5:13-CV-0222-MTT |
| GLEN JOHNSON, : | |
| : | |
| Respondent : | |

### ORDER

Petitioner **ROBERTO BAEZ**, a state prisoner currently confined in Hancock State Prison, in Sparta Georgia, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, according to his application for relief, Petitioner is not seeking to challenge the validity of any criminal conviction or his current sentence. Petitioner alleges that he was "booked and charged" with an offense on February 10, 2012, and later notified that he would not be tried on the charge until after he completes his present sentence. Petitioner apparently filed a state habeas petition regarding the pending charge and was denied a hearing. He now seeks relief from this Court, as he believes that his "right to a speedy trial" and guarantee against "double jeopardy" are being violated.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires this Court to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*,

512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). It is clear from the face of the present application that § 2254 is not the appropriate vehicle for obtaining the relief Petitioner seeks.

Section 2254 provides relief for a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner is not claiming to be in custody in violation of the Constitution or federal law. According to his application, Petitioner's present incarceration is not the result of the pending charge; he is currently serving a sentence for an unrelated conviction.[1] While Petitioner does allege that the pending charge may lead to his being held on a detainer upon completion of his current sentence, he is not presently being held on a detainer. This fact also precludes him from pursuing a cause of action under 28 U.S.C. § 2241. *See id.* (providing relief for those "in custody in violation of the Constitution or laws or treaties of the United States").

Although it does not appear that Petitioner has attempted to file any other type of civil action, he is nonetheless advised that this Court may not consider any civil claims arising out of his criminal prosecution while it is still ongoing. Federal courts are required refrain to from interfering with pending state criminal proceedings, such as those described in Petitioner's application, when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Petitioner has not alleged any facts suggesting that he is unable to raise his speedy trial and double jeopardy objections in the

---

[1] An offender inquiry on the Georgia Department of Corrections website, http://www.dcor.state.ga.us, revealed that Petitioner is presently serving a life sentence for armed robbery. The pending charge was apparently brought for possession of a controlled substance.

state courts[2] or is otherwise unable defend against the pending charges during his eventual prosecution.  The mere fact that Plaintiff must endure state criminal prosecution fails to demonstrate irreparable harm. *Id.*

For all of these reasons, the present Petition for habeas corpus relief shall be **DISMISSED**.

**SO ORDERED**, this 24th day of June, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr

---

[2] Under Georgia law, a criminal defendant may file a motion in his criminal case to bar his trial on the ground that his constitutional rights to a speedy trial or against double jeopardy have been violated; and he may directly appeal the denial thereof.  *See e.g., Hardeman v. State*, 280 Ga. App. 168, 168 (2006) (speedy trial); *Patterson v. State*, 248 Ga. 875, 876 (1982) (double jeopardy).