IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERTO BAEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-222 (MTT) |
| ) | |
| GLENN JOHNSON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

This matter is before the Court on the Petitioner's Motion for Reconsideration. (Doc. 6). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

Here, the Petitioner has not met his burden. He has alleged no intervening change in the law, has presented no new evidence not previously available, and the Court is not persuaded its previous ruling was clearly erroneous. The Petitioner does

nothing more than restate the arguments raised in his habeas corpus petition (Doc. 1).

Accordingly, the Petitioner's Motion for Reconsideration is **DENIED**.

 **SO ORDERED,** this 15th day of July, 2013.

           S/ Marc T. Treadwell
           MARC T. TREADWELL, JUDGE
           UNITED STATES DISTRICT COURT